**Janet E. LYNCH. Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 00–3899.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

---

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

Janet E. Lynch, an Ohio citizen, appeals pro se the summary judgment for defendant in an employment discrimination action construed as having been filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lynch filed two complaints against her employer, the Postal Service, which were consolidated by the district court. She alleged that she had been discriminated against on the basis of her disability and in retaliation for filing complaints with the Equal Employment Opportunity Commission (EEOC) and claims for worker's compensation. The district court granted summary judgment to defendant after concluding that Lynch had failed to establish a prima facie case of discrimination or that defendant's legitimate reasons for its actions were a pretext for discrimination. Lynch reasserts her claims on appeal.

Upon review, we conclude that the summary judgment for defendant must be affirmed, as the record shows that there is no genuine issue of material fact, and defendant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Lynch has been employed by defendant since 1980. She is currently on leave without pay, apparently due to psychiatric problems. Since 1991, she has filed well over two hundred charges with the EEOC. She has also filed two previous employment discrimination actions in federal court. Of the EEOC charges relevant to this suit, many were dismissed as untimely, duplicative, or for failure to state a claim. Those in the record which were addressed on the merits include Lynch's complaint over being told in November, 1997, that she had to submit a medical certification every thirty days that she did not report to work, and being told that a medical certification she submitted was unacceptable; her complaint about being denied annual leave in January, 1998; her allegation that defendant interfered with her worker's compensation claim; her complaint about being charged with being absent without leave when she was late to work two days in March, 1999; her complaints about again being required to submit a medical certification for every thirty days of absence and being denied Family Medical Leave in April, 1999, and her complaint about a notice of removal she received in June, 1999, noting that she had been absent since April 8, which was rescinded following a union grievance.

 In order to establish a prima facie case of discrimination based on disability, Lynch was required to show that she is disabled, she is qualified for her job, she was the recipient of an adverse employment action, and others were treated more favorably. *See Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 882 (6th Cir.1996). The district court correctly found that Lynch had failed to establish a prima facie case. While defendant does not appear to contest the claim that Lynch is disabled, the other elements of a prima facie case have not been shown. Lynch herself has alleged that she cannot perform her job, and has not suggested a reasonable accomodation that would render her qualified. Indefinite leave is not a reasonable accomodation. *Walsh v. United Parcel Serv.*, 201 F.3d 718, 725–28 (6th Cir.2000). Moreover, Lynch has not established an adverse employment action in the form of a material change in the terms of her employment. *See Kocsis*, 97 F.3d at 885. She has complained about being required to submit medical certifications, the delay in processing her worker's compensation claim, the denial of leave which she had not earned, being charged for being late to work, and receiving a since rescinded notice of removal based on absenteeism. None of these actions materially changed the terms of her employment. Finally, Lynch utterly failed to raise a genuine issue of fact as to whether there were

other employees who were treated more favorably.

The district court also correctly concluded that, even if a prima facie case of discrimination had been established, Lynch had failed to show that the legitimate reasons proffered by defendant were a pretext for a discriminatory motivation. *See Canitia v. Yellow Freight Sys., Inc.,* 903 F.2d 1064, 1067 (6th Cir.1990). Defendant showed that it was merely applying its established leave policies to Lynch. In order to show that this reason was pretext, Lynch had to submit evidence that the proffered reason had no basis in fact, did not actually motivate defendant, or was insufficient to motivate defendant. *See Hopkins v. Elec. Data Sys. Corp.,* 196 F.3d 655, 662 (6th Cir.1999). Lynch has not denied her extensive periods of absenteeism, which defendant claimed motivated its requirement that she provide medical certification and its denial of leave advancement. Therefore, defendant was entitled to judgment as a matter of law on Lynch's claim of disability discrimination.

■■■ A similar analysis applies to Lynch's claim of retaliation. In order to establish a prima facie case, she must show that she engaged in protected activity that was known to defendant, and that an adverse action resulted which was causally connected to her protected activity. *See Williams v. Nashville Network,* 132 F.3d 1123, 1131 (6th Cir.1997). While there is no doubt that Lynch engaged in protected activity, she failed to establish an adverse action for the reasons discussed above. She also failed to establish a causal connection. Moreover, if she had established a prima facie case, she failed to show that defendant's application of established leave policies was a pretext for a retaliatory motive.

For all of the above reasons, the summary judgment for defendant is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.