**Janet E. LYNCH, Plaintiff–Appellant,**

v.

**William J. HENDERSON, U.S. Postal
Service, Defendant–Appellee.**

No. 02–3472.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 2002.

Before RYAN, CLAY, and GIBBONS,
Circuit Judges.

*ORDER*

Pro se Ohio citizen and frequent litigator Janet E. Lynch appeals a district court

of Michigan, sitting by designation.

judgment that dismissed her employment discrimination action. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Lynch sued the United States Postal Service, her former employer, contending: (1) that she was discriminated against because of a medical disability, (2) that she was retaliated against for filing administrative actions, and (3) that she was sent harassing letters that caused her severe emotional distress. The district court dismissed Lynch's discrimination and retaliation claims on the basis of res judicata. The court later dismissed Lynch's claim of intentional infliction of emotional distress because this claim failed on the merits and because Lynch had not exhausted her administrative remedies under the Federal Tort Claims Act.

In her difficult-to-decipher appellate brief, Lynch argues that the district court erred by dismissing her suit.

In *Lynch v. United States Postal Serv.*, 3 Fed.Appx. 287 (6th Cir.2001), we affirmed a district court judgment that dismissed Lynch's retaliation and discrimination claims. The law-of-the-case doctrine relieves us of the burden of repeating ourselves. This doctrine dictates that issues, once decided, should be reopened only in extraordinary circumstances. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Lynch's retaliation and discrimination contentions implicate no extraordinary circumstances: they are mere echos from her prior suit and appeal.

Upon review, we conclude that the district court did not err in rejecting Lynch's tort claim.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.